UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

CARD ACTIVATION TECHNOLOGIES, INC.,

    Plaintiff,

    v.                                                    4:10-cv-00117-FJG

FASHION BUG RETAIL COMPANIES, INC.,
et al.,

    Defendants.

**FASHION BUG RETAIL COMPANIES, INC., GUESS?, INC.,
J. C. PENNEY CORPORATION, INC., LANE BRYANT, INC., AND
NORDSTROM, INC.'S SUGGESTIONS IN SUPPORT OF THEIR
MOTION TO STAY**

Alan M. Fisch
*alan.fisch@kayescholer.com*
Jason F. Hoffman
*jason.hoffman@kayescholer.com*     Thomas W. Wagstaff
R. William Sigler     *twwagstaff@wagstaffcartmell.com*
*bill.sigler@kayescholer.com*     Eric D. Barton
KAYE SCHOLER LLP     *ebarton@wagstaffcartmell.com*
The McPherson Building     WAGSTAFF & CARTMELL
901 Fifteenth Street, NW     4740 Grand Avenue, Suite 300
Washington, DC 20005-2327     Kansas City, MO 64112
(202) 682-3500 telephone     (816) 701-1100 telephone

Dated: November 12, 2010     Attorneys for:
    FASHION BUG RETAIL COMPANIES, INC.,
    GUESS?, INC.,
    J. C. PENNEY CORPORATION, INC.,
    LANE BRYANT, INC., and
    NORDSTOM, INC.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

    A.    This Case Is In Its Early Stages ..........................................................................2

    B.    SVS's Lawsuit Against CAT in Delaware Is Nearing Completion .....................2

    C.    The Reexamination of the '859 Patent ................................................................3

    D.    The Northern District of Illinois Has Stayed Five Other CAT Lawsuits Against Retailers ...........................................................................4

ARGUMENT ...........................................................................................................................6

I.    LEGAL STANDARD ...................................................................................................6

II.    THE COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE DELAWARE CASE ...........................................................................................................................7

    A.    A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the First-to-File Rule ..............................................................................7

    B.    A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the Principles of the Customer Suit Exception ...........................................9

III.    THE COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE REEXAMINATION OF THE '859 PATENT ..................................................10

    A.    A Stay Pending the Outcome of the Reexamination Proceedings is Appropriate at this Early Stage of the Case ......................................................10

    B.    The Reexamination Proceedings Will Streamline the Issues and Reduce the Burden on the Parties and Court ......................................................11

    C.    A Stay Pending the Outcome of the Reexamination Proceedings Will Not Prejudice CAT .......................................................................................13

CONCLUSION ......................................................................................................................14

# TABLE OF AUTHORITIES

## CASES

*1st Tech., LLC v. Digital Gaming Solutions S.A.*,
    No. 4:08-cv-586, 2010 WL 883657 (E.D. Mo. Mar. 5, 2010) ............................ 6

*Arrivalstar S.S. v. Canadian Nat'l Railway Co.*,
    No. 08-cv-1086, 2008 WL 2940807 (N.D. Ill. July 25, 2008) ......................... 13

*E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*,
    849 F.2d 1430 (Fed. Cir. 1988) ..................................................................... 12

*Gassaway v. Business Mach. Sec.*,
    No. 88-cv-00869, 1988 WL 1091946 (C.D. Cal. May 3, 1988) ..................... 10

*Inteplast Group, Ltd. v. Coroplast, Inc.*,
    No. 4:08-cv-1413, 2009 WL 1774313 (E.D. Mo. June 23, 2009) .............. 11, 12

*Johnson v. KFC Corp.*,
    No. 07-cv-0416, 2007 U.S. Dist. LEXIS 82860 (W.D. Mo. Nov. 7, 2007) ....... 6

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990) ......................................................................... 9

*Kreditverein der Bank Austria v. Nejezchleba*,
    477 F.3d 942 (8th Cir. 2007) ............................................................................ 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .......................................................................................... 6

*Leviton Mfg. Co. v. Interline Brands, Inc.*,
    No. 3:05-cv-123, 2006 U.S. Dist. LEXIS 61944 (M.D. Fla. Aug. 30, 2006) ............. 7, 8, 9

*Lifeline Techs., Inc. v. Archer Daniel Midland Co.*,
    No. 4:08-cv-279, 2009 WL 995482 (E.D. Mo. Apr. 14, 2009) .................. 11, 12

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985) ......................................................................... 13

*Portfolio Techs., Inc. v. Intellx Inc.*,
    No. 1:05-cv-159, 2005 U.S. Dist. LEXIS 42469 (W.D. Mich. May 19,
    2005) ............................................................................................................ 7, 8

*Tegic Commc'ns Corp. v. Board of Regents of Univ. of Tex. Sys.*,
    458 F.3d 1335 (Fed. Cir. 2006) ......................................................................... 9

*Ultra Prods., Inc. v. Best Buy Co., Inc.*,
    No. 09-cv-1095, 2009 WL 2843888 (D.N.J. Sept. 1, 2009) ......................... 9, 10

*Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*,
 No. 4:05-cv-2094, 2006 U.S. Dist. LEXIS 46431 (E.D. Mo. July 10, 2006)... 6, 11, 12, 13

*Webb v. R. Rowland & Co.*,
 800 F.2d 803 (8th Cir. 1986) ........................................................................................ 6, 7

*Wolf Designs, Inc. v. Donald McEvoy Ltd.*,
 341 F. Supp. 2d 639 (N.D. Tex. 2004) ........................................................................ 7, 8

**STATUTES**

35 U.S.C. § 303 ....................................................................................................................... 4

Fashion Bug Retail Companies, Inc., Guess?, Inc., J. C. Penney Corporation, Inc., Lane Bryant, Inc., and Nordstrom, Inc. ("Defendants") respectfully submit these suggestions in support of their Motion to Stay.

**PRELIMINARY STATEMENT**

Four different judges in Chicago have stayed other cases brought by Plaintiff Card Activation Technologies, Inc. ("CAT") for infringement of the patent-in-suit, United States Patent No. 6,032,859 ("the '859 patent"), pending the outcome of a related case in Delaware and/or reexamination proceedings at the Patent Office. Faced with this roadblock in Chicago, where CAT is headquartered, CAT has made an end run to this Court. Defendants urge the Court to follow the lead of the Northern District of Illinois and stay this case pending the outcome of the Delaware case and the reexamination proceedings. The facts and circumstances here warrant a stay pending the outcome of both proceedings.

In Delaware, trial is set to begin in April 2011 in Stored Value Solutions, Inc.'s ("SVS") declaratory judgment action seeking to invalidate all 38 claims of the '859 patent over 16 prior art references. A stay pending the outcome of this related case in Delaware is appropriate under both the first-to-file rule and the principles underlying the "customer suit exception," as one of the defendants here — J. C. Penney Corporation, Inc. — is an SVS customer. Indeed, the collateral estoppel effect of a judgment of invalidity in Delaware would moot this case entirely.

At the Patent Office, after being forced to amend over a dozen claims in one completed reexamination proceeding, CAT is now facing two other reexaminations relying upon no less than 19 invalidating prior art references. A stay pending the outcome of these reexaminations would be ideal at this early stage of the case, as nothing of substance has occurred yet. A stay also makes sense because the Patent Office's statistics indicate that there is a 77% chance that the asserted claims of the patent will be cancelled or amended. Given the overwhelming likelihood that the claims will at least change, engaging in discovery, claim construction,

summary judgment briefing, and trial here based on the current set of claims would unnecessarily waste judicial and party resources.

## FACTUAL BACKGROUND

### A. This Case Is In Its Early Stages

On February 8, 2010, CAT filed the complaint in this action.[1] In the only claim stated in the complaint, CAT alleges that the defendants "have directly infringed Claims 1, 5, 10, and/or 16 of the '859 Patent and continue to do so by performing, directing, or controlling the performance of each step set forth in Claims 1, 5, 10, and/or 16 of the '859 Patent."[2]

Defendants' responsive pleadings are due November 12, 2010. Discovery opened on October 11, 2010, but, to date, the parties have expended few resources in the discovery process.

### B. SVS's Lawsuit Against CAT in Delaware Is Nearing Completion

On July 8, 2009, SVS filed a declaratory judgment action against CAT in the United States District Court for the District of Delaware ("the Delaware Case").[3] SVS is a leading provider of gift cards and gift card processing services. CAT had threatened to sue and sued numerous SVS customers, and SVS initiated the Delaware Case in an effort to end CAT's harassment of these customers.[4] Notably, SVS is the gift card provider and gift card transaction processor for J. C. Penney Corporation, Inc. ("J. C. Penney"), one of the named defendants here.[5]

In the Delaware Case, SVS seeks a declaratory judgment that the entire '859 Patent is

---

[1] *See* Docket No. 1, Complaint.

[2] *Id.* at ¶ 16.

[3] Docket No. 1, Complaint for Declaratory Judgment in *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, No. 1:09-cv-495-JJF (D. Del.).

[4] *Id.*

[5] *See* Exhibit 1, J. C. Penney's Initial Disclosures at 5.

invalid, including the asserted claims here — claims 1, 5, 10, and 16.[6] SVS's technical expert in the Delaware Case has opined that all 38 claims of the '859 patent are invalid as anticipated and/or obvious over no less than sixteen prior art references.[7]

The Delaware Case is moving to completion. On June 3, 2010, the court entered its claim construction order.[8] Expert discovery is set to close on November 30, 2010, with summary judgment briefing set to begin December 17, 2010.[9] Trial is set to begin April 18, 2011.[10]

### C. The Reexamination of the '859 Patent

The '859 patent is the subject of two reexamination proceedings at the Patent Office. In one of these proceedings, the Patent Office has already found a "substantial new question of patentability" as to each of the claims being asserted here.

Reexamination No. 90/011,004 ("the '004 Reexamination") was filed on October 1, 2010, and seeks the cancellation of claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38 of the '859 patent.[11] The '004 Reexamination relies upon five prior art references, four of which differ from those being asserted in the '146 Reexamination, that render these claims obvious.[12] On November 9, 2010, the Patent Office granted the '004 request for reexamination, finding that there was "a substantial new question of patentability" as to claims 1-3, 5-14, 16-20, 22, 24-31,

---

[6] *Id.*

[7] *See* Exhibit 2, Expert Report of L. Breitzke. Fifteen of these sixteen prior art references are also relied upon in the '146 Reexamination.

[8] *See* Docket No. 64, Order in *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, No. 1:09-cv-495-JJF (D. Del.).

[9] *See* Docket No. 92, Scheduling Order in *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, No. 1:09-cv-495-JJF (D. Del.).

[10] *Id.*

[11] *See* Exhibit 3, Order Granting '004 Reexamination Request.

[12] *See id.* at 2.

33, and 35-38 of the '859 patent.[13] Thus, each of the asserted claims here — claims 1, 5, 10, and 16 — is under reexamination at the Patent Office.

Reexamination No. 90/011,146 ("the '146 Reexamination") was filed on August 30, 2010, and seeks the cancellation of all 38 claims of the '859 patent.[14] The '146 Reexamination relies upon 15 prior art references that anticipate and/or render obvious these claims.[15] Pursuant to 35 U.S.C. § 303, the Patent Office must decide whether to accept this request by November 30, 2010.

In addition to the '004 and '146 Reexaminations, the '859 patent was the subject of a recently-concluded reexamination at the Patent Office — Reexamination No. 90/009,459 ("the '459 Reexamination").[16] The '459 Reexamination involved only claims 20-22, 25-33, and 36-38,[17] none of which have been asserted in this case. The requester only sought reexamination of these claims against a single prior art reference.[18] The Patent Office rejected claims 20, 22, 25-31, 33, and 36-38 as invalid.[19] CAT responded by cancelling claims 21 and 32 and amending claims 20, 22, 25-31, 33, and 36-38 in order to avoid having them canceled.[20]

### D. The Northern District of Illinois Has Stayed Five Other CAT Lawsuits Against Retailers

Before filing this case, CAT had filed sixteen cases against other retailers for infringement of the '859 Patent in the Northern District of Illinois, where CAT is

---

[13] *Id.* at 5.

[14] *See* Exhibit 4, '146 Reexamination Request.

[15] *See id.*

[16] *See* Exhibit 5, Office Action in '459 Reexamination.

[17] *Id.*

[18] This reference is not being relied upon in the Delaware Case or the '146 Reexamination.

[19] *Id.*

[20] *See* Exhibit 6, Response to Final Office Action in '459 Reexamination.

headquartered.[21]  Ten of these cases were resolved via early settlement.  Of the remaining six cases, five have been stayed pending the outcome of the Delaware Case and/or reexamination proceedings at the Patent Office, including:

| Defendant(s) | Judge | N.D. Ill. Docket No. | Date Stayed | Basis |
|---|---|---|---|---|
| Pier 1 Imports, Inc. | St. Eve | 1:09-cv-2021 | 9/14/2009 | Pending resolution of the Delaware Case[22] |
| Chico's Inc. | Lefkow | 1:09-cv-3199 | 10/8/2009 | Pending resolution of Reexamination No. 90/009,459[23] |
| Bebe Stores, Inc. | Gottschall | 1:09-cv-0406 | 11/20/2009 | Pending resolution of Reexamination No. 90/009,459[24] |
| Costco Wholesale Corp. | Lindberg | 1:09-cv-3201 | 2/17/2010 | Pending resolution of the Delaware Case[25] |
| Barnes & Noble, Inc. Aeropostale, Inc. | Gottschall | 1:07-cv-1230 | 4/22/2010 | Pending resolution of the Delaware Case and Reexamination No. 90/009,459[26] |

Notably, CAT brought this case here — CAT's first in this jurisdiction — after the Northern

---

[21] *See* http://www.cardactivationtech.com/ ("Card Activation Technologies, Inc (CDVT) is a Delaware Corporation headquartered in Chicago, Illinois").

[22] Exhibit 7, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Pier 1 Imports, Inc.*, No. 1:09-cv-2021 (N.D. Ill.).

[23] Exhibit 8, Transcript in *Card Activation Technologies, Inc. v. Chico's, Inc.*, No. 1:09-cv-3199 (N.D. Ill.).

[24] Exhibit 9, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Bebe Stores, Inc.*, No. 1:09-cv-406 (N.D. Ill.).

[25] Exhibit 10, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Costco Wholesale Corp.*, No. 1:09-cv-3201 (N.D. Ill.).

[26] Exhibit 11, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Barnes & Noble, Inc., et al.*, No. 1:07-cv-1230 (N.D. Ill.).

District of Illinois had begun staying CAT's infringement actions in Chicago.[27]

## ARGUMENT

### I. LEGAL STANDARD

As a general matter, a district court has the inherent power to stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants."[28] Among other reasons, a court may grant a stay "in order to control its docket, conserve judicial resources, and provide for the just determination of the cases pending before it."[29]

With respect to motions to stay pending reexamination at the Patent Office, courts consider three factors: "(1) whether discovery is complete, and whether the case is set for trial; (2) whether a stay will simplify the issues at hand and reduce the burden of litigation for the court and the parties; and (3) whether a stay would cause undue prejudice or create a tactical disadvantage for the non-moving party."[30] There is "a liberal policy of granting stays when patents are submitted to the PTO for reexamination."[31]

---

[27] Defendants note that in CAT's infringement action against Toys "R" Us — Delaware, Inc., the undersigned counsel brought a motion to stay pending resolution of the Delaware case on behalf of Toys "R" Us — Delaware, Inc. Before hearing any argument on the motion or receiving an opposition from CAT, Judge Suzanne B. Conlon denied the motion to stay in a one-sentence order. Docket No. 27, Order Denying Motion to Stay in *Card Activation Technologies, Inc. v. Toys "R" Us — Delaware, Inc.*, No. 1:09-cv-2020 (N.D. Ill.). This case was subsequently dismissed.

[28] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 (8th Cir. 2007); *Johnson v. KFC Corp.*, No. 07-cv-0416, 2007 U.S. Dist. LEXIS 82860, at *4 (W.D. Mo. Nov. 7, 2007).

[29] *Webb v. R. Rowland & Co.*, 800 F.2d 803, 808 (8th Cir. 1986) (affirming grant of stay).

[30] *1st Tech., LLC v. Digital Gaming Solutions S.A.*, No. 4:08-cv-586, 2010 WL 883657, at *2 (E.D. Mo. Mar. 5, 2010) (granting motion to stay pending reexamination); *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, No. 4:05-cv-2094, 2006 U.S. Dist. LEXIS 46431, at *3 (E.D. Mo. July 10, 2006) (granting motion to stay pending reexamination).

[31] *1st Tech., LLC*, 2010 WL 883657, at *1.

The granting of a stay is within the court's discretion, and will only be overturned upon a clear showing of an abuse of that discretion.[32]

## II. THE COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE DELAWARE CASE

As the Northern District of Illinois found in staying CAT's cases against Pier 1 Imports, Inc., Costco Wholesale Corp., and Barnes & Noble, Inc. and Aeropostale Inc., the Court should stay the case pending the outcome of the related Delaware Case in order to avoid the duplication of effort by two district courts and conserve the resources of the Court and parties. Indeed, it would be particularly appropriate to stay this case because SVS filed the Delaware Case eight months before CAT brought this action and J. C. Penney is an SVS customer.

### A. A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the First-to-File Rule

To avoid duplicating the efforts of the Delaware court and conserve the resources of the Court and parties, the Court should stay this case pending the outcome in Delaware. Entering a stay pending the outcome of this related litigation is appropriate under the first-to-file rule.

"When related cases are pending in two federal courts, there is an inherent power in each of those courts . . . to stay the proceedings before it in deference to the related action."[33] Pursuant to the first-to-file rule, when "similar cases" are filed, "preference is given, either in the form of stays, or injunctions, to the suit filed first in time."[34] In determining whether to stay the second filed case, the "crucial inquiry is one of substantial overlap of the issues; however, the

---

[32] *Webb*, 800 F.2d at 808.

[33] *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) (staying case pending outcome of first-filed suit in California); *see also Portfolio Techs., Inc. v. Intellx Inc.*, No. 1:05-cv-159, 2005 U.S. Dist. LEXIS 42469, at *9 (W.D. Mich. May 19, 2005) ("a first-to-file rule has developed permitting a district court to transfer, stay, or dismiss a later-filed action when a similar complaint has already been filed in another federal court") (internal citation omitted).

[34] *Leviton Mfg. Co. v. Interline Brands, Inc.*, No. 3:05-cv-123, 2006 U.S. Dist. LEXIS 61944, at *6 (M.D. Fla. Aug. 30, 2006) (staying case pending outcome of first-filed suits in New Mexico).

issues presented need not be identical."[35] Where the issues are shown to be duplicative, "the general rule is that the later-filed action defer to the prior-filed one."[36] Courts enforce the first filed rule, *inter alia*, to preserve judicial resources and prevent duplicative expenses.[37]

The Delaware Case is similar to this case in that it involves the same patent and at least some of the same parties. CAT is a party in both cases, and one of the named defendants here — J. C. Penney — is an SVS customer.[38] Indeed, CAT has identified SVS in this case as a third-party from whom CAT may seek discovery to support CAT's infringement claims.[39]

The issues in the Delaware Case will substantially overlap with the issues here, as well. The construction of the claims and the validity of the '859 patent have been the two major issues in Delaware, and will also be major issues in this case. Indeed, CAT all but conceded that the cases substantially overlap by asking this Court to adopt the claim construction order entered by the Delaware court.[40]

Given these circumstances, and the fact that the Delaware Case was filed eight months before this case, the first-to-file rule renders a stay appropriate here. And a stay makes perfect sense at this juncture in the case. This case is only in the initial stages, while the Delaware Case is nearing completion, with summary judgment briefs due December 17, 2010, and trial set to begin April 18, 2011. Awaiting the outcome of the Delaware Case is the most efficient course,

---

[35] *Wolf Designs, Inc.*, 341 F. Supp. 2d at 643 (internal citation omitted); *Portfolio Techs., Inc.*, 2005 U.S. Dist. LEXIS 42469, at *10 (staying case pending outcome of first-filed actions in New Jersey).

[36] *Wolf Designs, Inc.*, 341 F. Supp. 2d at 643; *Portfolio Techs., Inc.*, 2005 U.S. Dist. LEXIS 42469, at *10.

[37] *Leviton Mfg. Co.*, 2006 U.S. Dist. LEXIS 61944, at *5.

[38] Notably, "the presence of identical defendants in two concurrent federal actions is not a requirement to demonstrate duplication of the facts and issues." *See Wolf Designs, Inc.*, 341 F. Supp. 2d at 643-44; *Portfolio Techs., Inc.*, 2005 U.S. Dist. LEXIS 42469, at *10.

[39] *See* Exhibit 12, CAT's Initial Disclosures at 1.

[40] *See* Docket No. 109, Parties' Proposed Discovery and Scheduling Plan, at 1-2.

as the collateral estoppel effect of an invalidity judgment in the Delaware Case would render this case moot.[41]

> ### B. A Stay Pending the Outcome of the Delaware Case Is Appropriate Under the Principles of the Customer Suit Exception

As in CAT's cases against SVS customers Pier 1 Imports, Inc., Costco Wholesale Corporation, and Barnes & Noble, Inc., this case, which involves another SVS customer, J. C. Penney, should be stayed pending the outcome of the Delaware Case based on the principles of the customer suit exception.

The Federal Circuit has established a customer suit exception to the first-to-file rule such that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."[42] This is because "the manufacturer is the true defendant in the customer suit . . . it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."[43] The "guiding principles" of the customer suit exception are efficiency and judicial economy.[44]

While the customer suit exception to the first-to-file rule does not apply here because the Delaware Case was filed first, the reasoning underlying the exception mandates a stay.[45] J. C.

---

[41] *See* Exhibit 7, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Pier 1 Imports, Inc.*, No. 1:09-cv-2021 (N.D. Ill.), at 4 (a finding of invalidity in the Delaware Case will moot CAT's infringement actions); *Leviton Mfg. Co.*, 2006 U.S. Dist. LEXIS 61944, at *5 (staying case because "if the New Mexico litigation results in a finding of non-infringement, that decision's collateral estoppel effect may very well be dispositive with respect to the present case").

[42] *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also Tegic Commc'ns Corp. v. Board of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

[43] *Katz*, 909 F.2d at 1464.

[44] *Tegic Commc'ns Corp.*, 458 F.3d at 1343.

[45] *See Ultra Prods., Inc. v. Best Buy Co., Inc.*, No. 09-cv-1095, 2009 WL 2843888, at *4 (D.N.J. Sept. 1, 2009) ("While the consumer [sic] suit 'exception' to the first-filed rule evidently does

Penney is a customer for purposes of the customer suit exception because SVS provides J. C. Penney's gift cards and the processing for those gift cards. SVS is thus the true defendant, and its suit against CAT should take precedence. The Northern District of Illinois found as much in staying CAT's cases against SVS customers Pier 1 Imports, Inc., Costco Wholesale Corporation, and Barnes & Noble, Inc. In those cases, the court granted motions to stay even though each case had been filed *before* the Delaware Case. Here, the grounds for a stay are stronger because CAT filed this case eight months *after* the Delaware Case was filed. Indeed, numerous other courts have relied upon the customer suit exception in staying later-filed actions against a customer pending the outcome of an earlier-filed manufacturer's case.[46]

### III. THE COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE OUTCOME OF THE REEXAMINATION OF THE '859 PATENT

All of the asserted claims here — claims 1, 5, 10, and 16 — are under reexamination at the Patent Office. As the Northern District of Illinois found in staying CAT's cases against Bebe Stores, Inc., Chico's, Inc., and Barnes & Noble, Inc. and Aeropostale, Inc., the reexamination of CAT's patent will affect issues of claim construction, claim scope, and validity. Consequently, staying this case pending the outcome of the reexamination proceedings would most likely streamline the issues, would be particularly appropriate at this stage of the litigation as it would avoid duplicative efforts, and would not prejudice CAT.

#### A. A Stay Pending the Outcome of the Reexamination Proceedings is Appropriate at this Early Stage of the Case

As detailed above, this case has not progressed beyond the initial pleading stage. The

---

not apply because the Manufacturers Case was in fact filed first, the reasoning underlying the exception supports giving this earlier litigation priority over the current action.")

[46] *See Ultra Prods., Inc.*, 2009 WL 2843888, at *5-6 (staying later-filed case against power supply resellers pending the outcome of an earlier-filed infringement action against power supply manufacturers); *Gassaway v. Business Mach. Sec.*, No. 88-cv-00869, 1988 WL 1091946, at *2 (C.D. Cal. May 3, 1988) (staying later-filed case against distributors of product pending the outcome of earlier-filed declaratory judgment action on behalf of manufacturers of same product).

defendants' responsive pleadings are due November 12, 2010, and discovery has only been open for one month. Staying the case now, before the parties and Court invest in this case, makes practical sense. As the Eastern District of Missouri has recognized, a "stay is particularly appropriate in cases in the initial stages of litigation where there has been little discovery."[47] Accordingly, courts often grant motions to stay pending reexamination that are filed in the initial stages of a case.[48] The Northern District of Illinois did so in CAT's cases against Bebe Stores, Inc., Chico's, Inc., and Barnes & Noble, Inc. and Aeropostale, Inc.

### B. The Reexamination Proceedings Will Streamline the Issues and Reduce the Burden on the Parties and Court

The entry of a stay pending the outcome of the two pending requests for reexamination of the '859 Patent will streamline issues of claim construction and validity in this case.

As detailed above, both the '004 and '146 Reexaminations seek the reexamination of the claims that CAT has asserted in this case — claims 1, 5, 10, and 16. The Patent Office has already granted the '004 request for reexamination and is overwhelmingly likely to grant the '146 request for reexamination, as 92% of all requests for *ex parte* reexamination have been granted.[49] During these reexamination, the claims will be confirmed, amended, or cancelled.[50] It is extremely likely that the claims will not be confirmed, as 77% of all *ex parte* reexaminations

---

[47] *Inteplast Group, Ltd. v. Coroplast, Inc.*, No. 4:08-cv-1413, 2009 WL 1774313, at *2 (E.D. Mo. June 23, 2009) (staying case pending reexamination).

[48] *1st Tech., LLC*, 2010 WL 883657, at *1 (staying case "in its early stages" pending reexamination); *Inteplast Group Ltd.*, 2009 WL 1774313, at *2 (staying case where fact discovery had "just begun"); *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist. LEXIS 46431, at *4 (staying case where "the bare minimum amount of resources have been expended").

[49] Exhibit 13, *Ex Parte* Reexamination Filing Data.

[50] *Inteplast Group Ltd.*, 2009 WL 1774313, at *2; *Lifeline Techs., Inc. v. Archer Daniel Midland Co.*, No. 4:08-cv-279, 2009 WL 995482, at *2 (E.D. Mo. Apr. 14, 2009).

result in the amendment or cancellation of the claims.[51] Notably, in the already-concluded '459 Reexamination, CAT amended or canceled each claim under reexamination.

The reexamination process will significantly impact claim construction regardless of the outcome. If the claims asserted here are cancelled during the reexaminations, claim construction will be unnecessary. And if the claims are amended after the Court construes the claims, the claim construction process will need to be repeated.[52] Even if the claims are confirmed without change, which is unlikely, a stay would still be beneficial to the claim construction process because the reexamination proceedings will become part of the patent's intrinsic record and may shed light on the proper construction of disputed claim terms.[53]

The '004 and '146 Reexaminations may also greatly affect the validity issues in this case, and perhaps alleviate the need for a trial if the Patent Office cancels the asserted claims.[54] Granting a stay at this stage may save the Court's and the parties' resources in litigating validity issues that the "PTO's experts may render moot."[55] Indeed, in the '004 Reexamination, the Patent Office has already found that ten different prior art combinations raise "a substantial new question of patentability" as to claims 1, 5, 10, and 16.[56] And even if the claims survive both reexaminations, which appears unlikely, a stay would facilitate trial of the validity issues by

---

[51] *See* Exhibit 13, *Ex Parte* Reexamination Filing Data (claims are amended in 65% of all *ex parte* reexaminations, and all claims are canceled in 12% of all *ex parte* reexaminations).

[52] *See Inteplast Group Ltd.*, 2009 WL 1774313, at *2; *Lifeline Techs., Inc.* 2009 WL 995482, at *2.

[53] *See E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988) (statements made during the prosecution history, including reexamination proceedings, are relevant to determining claim scope).

[54] *See Inteplast Group Ltd.*, 2009 WL 1774313, at *2 (reexamination will "possibly eliminat[e] the case entirely"); *Lifeline Techs., Inc.*, 2009 WL 995482, at *2 (same).

[55] *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist. LEXIS 46431, at *5.

[56] *See* Exhibit 3, Order Granting '004 Reexamination Request, at 5.

providing the Court with the "expert view" of the Patent Office on the dozens of relevant prior art references and theories of invalidity.[57]

Notably, the Northern District of Illinois found in CAT's cases against Bebe Stores, Inc., Chico's, Inc., and Barnes & Noble, Inc. and Aeropostale, Inc. that a stay would streamline the issues and reduce the burden on the court and parties.[58]

### C. A Stay Pending the Outcome of the Reexamination Proceedings Will Not Prejudice CAT

CAT will suffer no prejudice should the Court stay this case pending the outcome of the reexamination. CAT has invested few resources thus far in the case, which remains at the initial stage. Moreover, a stay would not financially harm CAT. As the Northern District of Illinois found in staying CAT's case against BeBe Stores, Inc., CAT's public advertisements regarding its licensing program establish that "money will adequately compensate it for whatever losses it incurs" from infringement of the '859 Patent.[59] And a stay will not adversely affect CAT's potential monetary recovery. The applicable damages period is not affected by a stay of litigation and, if CAT can establish infringement, damages and interest would continue to accrue during the course of the reexamination.[60]

---

[57] *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist. LEXIS 46431, at *4-5.

[58] *See* Exhibit 9, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Bebe Stores, Inc.*, No. 1:09-cv-406 (N.D. Ill.) at 1-2; Exhibit 8, Transcript in *Card Activation Technologies, Inc. v. Chico's, Inc.*, No. 1:09-cv-3199 (N.D. Ill.) at 3; Exhibit 11, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Barnes & Noble, Inc., et al.*, No. 1:07-cv-1230 (N.D. Ill.) at 1-2.

[59] Exhibit 9, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Bebe Stores, Inc.*, No. 1:09-cv-406 (N.D. Ill.) at 2.

[60] *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985) (a plaintiff "may recover damages from those who have infringed" during the period of reexamination); *Arrivalstar S.S. v. Canadian Nat'l Railway Co.*, No. 08-cv-1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008) ("Plaintiffs do not appear to be at risk of suffering any pecuniary prejudice, because interest will accrue in their favor if they are determined to be entitled to monetary relief.").

## CONCLUSION

Defendants respectfully request that the Court follow the lead of the Northern District of Illinois and stay this case pending the outcome of the Delaware Case and the reexamination proceedings. Such a stay would conserve the resources of the Court and the parties, and is particularly appropriate at this early stage of the case.

Respectfully submitted,

/s/ Alan M. Fisch
Alan M. Fisch
*alan.fisch@kayescholer.com*
Jason F. Hoffman
*jason.hoffman@kayescholer.com*
R. William Sigler
*bill.sigler@kayescholer.com*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
(202) 682-3500 telephone
(202) 682-3580 facsimile

Thomas W. Wagstaff
*twwagstaff@wagstaffcartmell.com*
Eric D. Barton
*ebarton@wagstaffcartmell.com*
WAGSTAFF & CARTMELL
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 telephone

Dated: November 12, 2010

Attorneys for:
FASHION BUG RETAIL COMPANIES, INC.,
GUESS?, INC.,
J. C. PENNEY CORPORATION, INC.,
LANE BRYANT, INC., and
NORDSTOM, INC.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on November 12, 2010, with the Clerk of the Court for the Western District of Missouri via the CM/ECF system. This system will send notice of filing to all Counsel of Record.

　　　　　　　　　　　　　　　**/s/ Alan M. Fisch**