**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FASHION BUG RETAIL COMPANIES, INC.<br>GUESS?, INC.<br>J.C. PENNEY COMPANY, INC.<br>LANE BRYANT, INC.<br>MACY'S, INC.<br>PANERA BREAD COMPANY<br>STARBUCKS CORPORATION and<br>NORDSTROM, INC.<br><br>Defendants. | Case No. 4:10-CV-00117-FJG |

**DEFENDANT STARBUCKS CORPORATION'S SUGGESTIONS IN SUPPORT OF MOTION FOR STAY PENDING REEXAMINATION OF PATENT-IN-SUIT**

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 3

A. CAT ........ 3

B. The First Reexamination ........ 3

C. The Second Reexamination ........ 4

III. LEGAL STANDARD ........ 4

IV. ARGUMENT ........ 5

A. A Stay of These Proceedings Would Be Appropriate Given The Early Stage of The Litigation ........ 5

B. A Stay Will Simplify The Issues Before The Court ........ 6

C. CAT Will Not Be Prejudiced Or Tactically Disadvantaged By A Stay ........ 7

V. CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**CASES**

*ASCII Corp. v. STD Entm't USA, Inc.*,
30 U.S.P.Q.2d 1709 (N.D. Cal. 1994) ....................................................................4

*Block Financial Corp. v. Lendingtree, Inc.*,
No. 01-1007, U.S. Dist. LEXIS 72332 (W.D. Mo. Sept. 27, 2007) .........................................5

*Cerner Corp. v. Visicu, Inc.*,
667 F. Supp. 2d 1062 (W.D. Mo. 2009) ....................................................................5

*Emerson Elec. Co. v. Davoil, Inc.*,
911 F. Supp. 380 (E.D. Mo. 1996)....................................................................4, 6

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)....................................................................4, 6

*Gould v. Control Laser Corp.*,
217 U.S.P.Q. 985 (Fed. Cir. 1983)....................................................................6

*Lentek Int'l, Inc. v. Sharper Image Corp.*,
169 F. Supp. 2d 1360 (M.D. Fla. 2001) ....................................................................4

*Tap Pharm. Prods. v. Atrix Labs., Inc.*,
70 U.S.P.Q.2d 1319 (N.D. Ill. 2004) ....................................................................5, 6, 8

*Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*,
No. 05-2094, 2006 U.S. Dist. LEXIS 46431 (E.D. Mo. Jul. 10, 2006).....................4, 5, 6, 7, 8



Case 4:10-cv-00117-FJG Document 147-1 Filed 12/07/10 Page 3 of 13

Defendant Starbucks Corporation ("Starbucks") respectfully submits these Suggestions in Support of its Motion for Stay Pending Reexamination of the Patent-in-Suit (the "Motion"), stating as follows:

## I. INTRODUCTION

In this action, Plaintiff Card Activation Technologies, Inc. ("CAT") has accused Starbucks and nine other co-defendants of allegedly infringing claims 1, 5, 10, and/or 16 of U.S. Patent No. 6,032,859 (the "'859 Patent"). The instant litigation is one in but a string of litigations filed by CAT in an attempt to monetize the '859 Patent. In fact, this litigation is the *seventeenth* lawsuit filed by CAT alleging infringement of one or more claims of the '859 Patent. Notably, many of these litigations have involved retail customers of Stored Value Solutions, Inc. ("SVS"), a provider of gift card processing services. SVS has, in response, filed an action for declaratory judgment of invalidity of '859 Patent, [1] and, on that basis and others, J.C. Penney Corp., Inc., an SVS customer, separately has moved this Court to stay the present litigation (Doc. No. 127). Notwithstanding the Delaware action, a separate and compelling reason exists for this Court to stay this case: the U.S. Patent and Trademark Office determined that substantial new questions of patentability exist as to the '859 Patent, and these questions of validity directly impact the claims asserted in the this litigation. On this basis, and this basis alone, Starbucks (a non-SVS retailer) separately moves this Court to stay the litigation.

---

[1] The validity of the '859 Patent also is being challenged in an unrelated litigation in the District of Delaware. *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.*, Case No. 1:09-cv-495-JJF (D. Del.) (the "Delaware Litigation"). The Delaware Litigation is set for trial on April 18, 2011, as to the validity of the '859 Patent. Starbucks is not a named party or otherwise involved in the Delaware Litigation, and thus is not bound by the decisions of that court as they relate to issues such as to claim construction. Should the Delaware Litigation result in a determination that the '859 Patent is invalid, however, the instant litigation would be moot.

Review of the ‘859 Patent and its file wrapper reveals that the ‘859 Patent is invalid. Accordingly, various third-parties have sought *ex parte* reexamination of the ‘859 Patent with the U.S. Patent and Trademark Office (“PTO”). *Ex parte* reexamination is a procedure under the Patent Act where the PTO reviews the validity of an issued patent in light of one or more prior art written publications. If the publication raises a substantial new question of patentability, the patent’s claims may be cancelled or modified. The ‘859 Patent was the subject of a recently-concluded reexamination by the PTO, Reexamination Application No. 90/009,459 (the “First Reexamination”), which resulted in cancellation or amendment of claims subject to reexamination. Additionally, the ‘859 Patent currently is the subject of a new reexamination proceeding at the PTO. Reexamination Application No. 90/011,004 (the “Second Reexamination”), was afforded an effective filing date of October 1, 2010. On November 9, 2010, the PTO granted the Second Reexamination request, finding there was “a substantial new question of patentability” as to all questions raised in the Second Reexamination. Starbucks now moves to stay this litigation pending the outcome of Second Reexamination proceeding at the PTO.

As set forth more fully below, the present litigation should be stayed for several reasons. First, it is likely that the reexamination proceedings will substantially impact this lawsuit, as the claims of the ‘859 Patent likely will be cancelled or amended. Second, even if the claims of the ‘859 Patent are not cancelled or amended, the reexamination proceedings will allow this Court to receive the benefit of the expertise of the PTO in the analysis and interpretation of the ‘859 Patent, thereby simplifying the issues to be determined in this litigation. As a result, a stay would conserve judicial resources and the parties’ time and resources. Third, because this

lawsuit is still in its initial stages, and includes no demand for preliminary injunctive relief, the benefits of a stay far outweigh any potential for prejudice.

Therefore, Starbucks respectfully requests that the Court stay this litigation pending reexamination of the '859 Patent by the PTO.

## II. FACTUAL BACKGROUND

### A. CAT

CAT is an entity, commonly referred to as a "patent troll," created solely for monetizing the '859 patent. CAT does not practice the inventions of the '859 Patent or otherwise compete in the marketplace with Starbucks (or any other co-defendant). In its Request for Relief in the Complaint, CAT does not seek any form of injunctive relief – preliminary or permanent – and, rather, only seeks relief in the form of monetary damages, fees, and costs. The relief sought in this litigation is consistent with CAT's business strategy as, in its own words, CAT's "*mission* is to pursue license agreements for its patented technology from the thousands of retailers and if necessary enforce our rights through the court system."[2]

### B. The First Reexamination

On April 30, 2009, *ex parte* reexamination of the '859 patent was requested for claims 20-22, 25-33, and 36-38 of the '859 Patent based on a single prior art reference – U.S. Patent No. 5,278,752 ("Narita '752"). After thorough review by the PTO, the PTO rejected all claims subject to reexamination (except claims 21 and 32) based on Narita '752. *See* Final Office Action (May 27, 2010) (attached as Exhibit 1). The PTO found that Narita '752 anticipated and rendered invalid many of the claims of the '859 Patent. CAT agreed with the PTO's conclusion and responded by amending claims 20 and 29 to include the limitations of cancelled claims 21

---

[2] Card Activation Technologies, Gift Cards, Phone Cards, Debit Cards, *available at* http://www.cardactivationtech.com (emphasis added).

and 32. *See* Response to Final Office Action (June 10, 2010) (attached as Exhibit 2). On October 5, 2010, the PTO issued a reexamination certificate reflecting these changes. *See Ex Parte* Reexamination Certificate, U.S. Patent No. 6,032,859 C1 (attached as Exhibit 3).

### C. The Second Reexamination

On October 1, 2010, a new, separate request for *ex parte* reexamination of the '859 patent was filed seeking reexamination of many claims of the '859 patent. This request for reexamination was based, in part, on the Narita '752 reference at issue in the First Reexamination, as well as four additional prior art references. On November 9, 2010, the PTO granted this request for reexamination, finding that there is a "substantial new question of patentability" affecting claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38, which includes all claims at issue in this litigation. *See* Order Granting *Ex Parte* Reexamination (November 9, 2010) (attached as Exhibit 4).

## III. LEGAL STANDARD

Federal district courts "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted); *Emerson Elec. Co. v. Davoil, Inc.*, 911 F. Supp. 380, 382 (E.D. Mo. 1996). In a patent dispute stays are favored "by the district courts pending reexamination as a means of settling disputes quickly, lowering costs, and providing the courts with the PTO's expertise." *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, No. 05-2094, 2006 U.S. Dist. LEXIS 46431, at *3 (E.D. Mo. Jul. 10, 2006) (citing *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001)).

Courts consistently find in "favor of granting motions to stay proceedings pending the outcome of USPTO reexamination … proceedings." *See, e.g., ASCII Corp. v. STD Entm't USA,*

*Inc.*, 30 U.S.P.Q.2d 1709, 1711 (N.D. Cal. 1994) (acknowledging the liberal policy in favor of granting a stay to utilize the PTO's expertise to assist the court and the parties in resolving patent disputes). Courts in this district have stayed patent disputes pending reexamination by the PTO. *See, e.g.*, *Cerner Corp. v. Visicu, Inc.*, 667 F. Supp. 2d 1062, 1065 (W.D. Mo. 2009) and *Block Fin. Corp. v. Lendingtree, Inc.*, 2007 U.S. Dist. LEXIS 72332, at *2 (W.D. Mo. Sept. 27, 2007).

When considering whether a stay should be granted, the following factors typically are considered most relevant:

> (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party.

*Watlow Elec. Mfg. Co.*, 2006 U.S. Dist LEXIS at *3. Here, each factor weighs strongly in favor of staying the present litigation and, therefore, Starbucks' motion should be granted.

## IV. ARGUMENT

### A. A Stay of These Proceedings Would Be Appropriate Given The Early Stage of The Litigation

The fact that this case has only just commenced weighs heavily in favor of granting a stay. Although this case was filed over nine (9) months ago, in lieu of filing a responsive pleading all parties moved this Court to dismiss CAT's Complaint for failure to identify the allegedly infringing product(s) or system(s). (Doc. Nos. 29, 32, 49, 54, 57, 61, 75, and 82). On October 29, 2010, this Court denied these motions and, thus, Starbucks only just filed its Answer to CAT's Complaint on November 12, 2010. (Doc. No. 130). Moreover, discovery only recently opened and minimal discovery has occurred. Both Starbucks and CAT have served their first set of written discovery, but no substantive discovery has in fact taken place. Minimal amounts of documents have been produced, and no depositions have been noticed or taken.

The amount of resources expended by the Court and the parties at this stage of the litigation is minimal. Starbucks has requested a stay at the earliest possible juncture, less than four (4) weeks after it filed its responsive pleading. Such facts weigh heavily in favor of granting a motion to stay. *See Watlow Elec. Mfg. Co.*, 2006 U.S. Dist. LEXIS at *2 (finding stay appropriate when requested approximately five weeks after filing answer); *see also Tap Pharm. Prods. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (granting stay when litigation was at initial pleadings stage).

Little will be lost by granting a stay at this time. However, given the likelihood the litigation will be rendered moot following reexamination, further expenditures by the Court and the parties likely will be unproductive. *See Tap Pharm. Prods.*, 70 U.S.P.Q.2d at 1320 (granting stay and stating there is a "very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings.").

Because only the slightest effort has been expended by the Court and the parties, the first factor weighs strongly in favor of staying the present lawsuit pending reexamination.

**B. A Stay Will Simplify The Issues Before The Court**

Granting a stay will simplify the issues before the court and aid future litigation, if any, of the patent-in-suit. The primary purpose of *ex parte* reexamination is to simplify litigation of contested patents. Congress intended to leverage the PTO's expertise by providing "an efficient and relatively inexpensive procedure for reviewing the validity of patents…." *Ethicon, Inc.*, 849 F.2d at 1426. As the Federal Circuit has explained:

> [o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).

*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist LEXIS at *4-5. Reexamination will serve to "free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *Emerson Elec. Co. v. Davoil, Inc.*, 907 F. Supp. 1303, 1304 (E.D. Mo 1995) (internal citations omitted), *rev'd in part on other grounds* 88 F.3d 1051 (Fed. Cir. 1996).

The validity of the '859 Patent is currently before the PTO in reexamination, and will be a central issue before the Court in this litigation. If the claims of the '859 Patent are cancelled or amended during reexamination this lawsuit may be rendered moot. There is a high likelihood that at least some claims of the '859 Patent will be cancelled or amended. Where, as here, the PTO grants a reexamination request, PTO statistics indicate there is a 77% chance that patent claims will be cancelled or amended. *See Ex Parte* Reexamination Filing Data (September 30, 2010) (attached as Exhibit 5). Thus, there is a strong probability that the present lawsuit, as well as any subsequent expenditure of time and effort, will be rendered moot by the pending reexamination.

A stay is appropriate to save parties the "expense of litigating issues that the PTO's experts may render moot." *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist LEXIS at *5. Even if claims survive reexamination, the record developed by the PTO during reexamination will aid the court in its analysis. Therefore, rather than proceeding with this litigation, good reason exists for the Court and the parties to allow the PTO to carry out its analysis and weigh-in on the validity of the claims of the '859 Patent. Because a stay will serve to simplify the issues before the Court, the second factor weighs strongly in favor of granting a stay.

**C. CAT Will Not Be Prejudiced Or Tactically Disadvantaged By A Stay**

CAT will suffer no prejudice, let alone undue prejudice, if a stay is granted. CAT has not filed papers seeking a preliminary injunction or other immediate relief. Further, CAT gave

notice to Starbucks of the '859 Patent on or around December 29, 2008 – nearly *two* years ago Ltr. from M. Roth to H. Schultz (December 29, 2008) (attached as Exhibit 6). And, CAT's predecessor-in-interest – MedCom USA – gave notice to Starbucks of the '859 Patent on or around October 11, 2005 – over *five* years ago. Ltr. from B. Gilchrist to Starbucks (October 11, 2005) (attached as Exhibit 7). Thus, granting the stay will not interfere with CAT's interest in a speedy resolution to this case as CAT itself has delayed bringing suit against Starbucks and, once filed, has not sought any form of immediate relief.

Temporarily staying the litigation will not prejudice CAT's right to litigate in federal district court. Rather, the reexamination process will eliminate or narrow issues to be addressed by the court, thereby rendering subsequent court proceedings more efficient. *See Tap Pharm. Prods.*, 70 U.S.P.Q.2d at 1320; *see also Watlow Elec. Mfg. Co.*, 2006 U.S. Dist LEXIS at *6-7. In short, reexamination will make the parties' time in court substantially more productive.

Further, a stay should be granted because the '859 Patent reexamination is subject to expedited procedures before the PTO due to the fact of this litigation. Manual of Patent Examining Procedure § 2286 (2010) (attached as Exhibit 8). CAT will suffer no prejudice as it is entitled to an efficient and timely review by the PTO.

Lastly, if a stay is granted, this Court retains discretion to lift the stay should it find the PTO fails to address the '859 Patent reexamination in a timely matter. *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist LEXIS at *7. Hence, not only is CAT not prejudiced at this time, should prejudice arise during the reexamination process it is well within the Court's power to craft the necessary relief. Starbucks has requested a stay at the earliest possible juncture to avoid any prejudice to CAT. Because a stay will not prejudice CAT's rights, the third factor weighs strongly in favor of granting a stay.

## V. CONCLUSION

All relevant factors weigh heavily in favor of staying the present litigation. For all the foregoing reasons, Starbucks requests that the Court grant this motion to stay all proceedings pending reexamination of the '859 Patent.

Dated: December 7, 2010

Respectfully submitted,

**TOWNSEND AND TOWNSEND AND CREW, LLP**

By: s/ Kenneth S. Chang
David E. Sipiora, *pro hac vice*
Kenneth S. Chang, *pro hac vice*
John D. Cadkin, *pro hac vice*
1400 Wewatta St., Ste. 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
E-mail: desipiora@townsend.com
E-mail: kschang@townsend.com
E-mail: jcadkin@townsend.com

**ARMSTRONG TEASDALE, LLP**

Laurence R. Tucker (#24854)
2345 Grand Blvd., Ste. 2000
Kansas City, MO 64108-2617
Telephone: (816) 221-3420
Facsimile: (816) 329-5417
E-mail: lrtucker@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT STARBUCKS CORPORATION

**CERTIFICATE OF SERVICE**

This is to certify that on December 7, 2010, a true and accurate copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to service.

s/ Kenneth S. Chang

62729147 v3