UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

---

CARD ACTIVATION TECHNOLOGIES, INC.,

    Plaintiff,

    v.                                       4:10-cv-00117-FJG

FASHION BUG RETAIL COMPANIES, INC.,
et al.,

    Defendants.

---

**FASHION BUG RETAIL COMPANIES, INC., GUESS?, INC.,
J. C. PENNEY CORPORATION, INC., LANE BRYANT, INC., AND
NORDSTROM, INC.'S REPLY SUGGESTIONS IN SUPPORT OF THEIR
MOTION TO STAY**

---

Alan M. Fisch
*alan.fisch@kayescholer.com*
Jason F. Hoffman
*jason.hoffman@kayescholer.com*     Thomas W. Wagstaff
R. William Sigler                       *twwagstaff@wagstaffcartmell.com*
*bill.sigler@kayescholer.com*          Eric D. Barton
KAYE SCHOLER LLP               *ebarton@wagstaffcartmell.com*
The McPherson Building           WAGSTAFF & CARTMELL
901 Fifteenth Street, NW           4740 Grand Avenue, Suite 300
Washington, DC 20005-2327      Kansas City, MO 64112
(202) 682-3500 telephone          (816) 701-1100 telephone

Dated: December 27, 2010           Attorneys for:
                                                      FASHION BUG RETAIL COMPANIES, INC.,
                                                        GUESS?, INC.,
                                                        J. C. PENNEY CORPORATION, INC.,
                                                        LANE BRYANT, INC., and
                                                        NORDSTOM, INC.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT....................................................................................................................2

I.  CAT DOES NOT OVERCOME DEFENDANTS' SHOWING THAT
    THE CASE SHOULD BE STAYED PENDING THE OUTCOME OF
    THE REEXAMINATION PROCEEDINGS...................................................................2

    A.  CAT Does Not Dispute the Persuasive Authority Showing that a
        Stay Would Be Appropriate at this Early Stage ......................................................2

    B.  CAT Fails to Overcome Defendants' Showing that the
        Reexamination Proceedings Will Streamline the Issues and Reduce
        the Burden on the Parties and Court ......................................................................3

    C.  CAT Fails To Establish that It Will Be Prejudiced by a Stay
        Pending the Outcome of the Reexamination .........................................................4

II. CAT DOES NOT OVERCOME THE DEFENDANTS' SHOWING
    THAT THE CASE SHOULD BE STAYED PENDING THE OUTCOME
    OF THE DELAWARE CASE ............................................................................................6

CONCLUSION.................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*1st Tech., LLC v. Digital Gaming Solutions S.A.*,
  No. 4:08-cv-586, 2010 WL 883657 (E.D. Mo. Mar. 5, 2010)............................................2

*Buckeye Int'l, Inc. v. Unisource Worldwide, Inc.*,
  No. 4:07-cv-1747, 2007 U.S. Dist. LEXIS 85391 (E.D. Mo. Nov. 19,
  2007)..................................................................................................................................6

*Ecolab, Inc. v. FMC Corp.*,
  No. 05-cv-831, 2007 U.S. Dist. LEXIS 39189 (D. Minn. May 30, 2007) .........................5

*Gassaway v. Business Mach. Sec.*,
  No. 88-cv-00869, 1988 WL 1091946 (C.D. Cal. May 3, 1988) .......................................8

*Genentech, Inc. v. Eli Lilly & Co.*,
  998 F.2d 931 (Fed. Cir. 1993).............................................................................................6

*General Comm. of Adjustment v. Burlington Northern Railroad*,
  895 F. Supp. 249 (E.D. Mo. 1995) .....................................................................................6

*Inteplast Group, Ltd. v. Coroplast, Inc.*,
  No. 4:08-cv-1413, 2009 WL 1774313 (E.D. Mo. June 23, 2009) .....................................2

*Leviton Mfg. Co. v. Interline Brands, Inc.*,
  No. 3:05-cv-123, 2006 U.S. Dist. LEXIS 61944 (M.D. Fla. Aug. 30, 2006).....................7

*Orthmann v. Apple River Campground, Inc.*,
  765 F.2d 119 (8th Cir. 1985)..............................................................................................6

*Patlex v. Mossinghoff*,
  758 F.2d 594 (Fed. Cir. 1985).............................................................................................6

*Portfolio Techs., Inc. v. Intellx Inc.*,
  No. 1:05-cv-159, 2005 U.S. Dist. LEXIS 42469 (W.D. Mich. May 19,
  2005)...................................................................................................................................7

*Ultra Prods., Inc. v. Best Buy Co., Inc.*,
  No. 09-cv-1095, 2009 WL 2843888 (D.N.J. Sept. 1, 2009)..............................................8

*Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*,
  No. 4:05-cv-2094, 2006 U.S. Dist. LEXIS 46431 (E.D. Mo. July 10, 2006).................2, 5

*Wolf Designs, Inc. v. Donald McEvoy Ltd.*,
  341 F. Supp. 2d 639 (N.D. Tex. 2004) ...............................................................................7

Fashion Bug Retail Companies, Inc., Guess?, Inc., J. C. Penney Corporation, Inc., Lane Bryant, Inc., and Nordstrom, Inc. ("Defendants") respectfully submit these reply suggestions in support of their Motion to Stay.

## PRELIMINARY STATEMENT

In its opposition brief, CAT fails to set forth any compelling reason for this Court to diverge from the approach of the four different judges in Chicago that have each stayed other infringement cases brought by CAT. The main thrust of CAT's opposition is that Defendants' motion to stay is a "stall tactic" on the part of the "Kaye Scholer law firm." This assertion was rendered moot when both Starbuck's Corporation and Macy's, Inc., which are represented by other counsel, each filed their own motions to stay.

Indeed, the dozens of invalidating prior art references — and not Defendants' attorneys — are the cause of the roadblocks in CAT's path to enforcing its patent. The Patent Office is currently reexamining each of the asserted claims in this case against the prior art. The most efficient course is to await the outcome of the Patent Office's reexamination and to not waste the resources of the Court and the parties in litigating issues relating to claims that are overwhelmingly likely to be amended or canceled. Pressing ahead with claim construction, summary judgment, and trial here would not be prudent, as subsequent events at the Patent Office could potentially require some or all of these events to be repeated.

CAT's just-filed motion to amend the complaint to include recently-reexamined claims of the '859 patent shows that it would be most efficient to await the outcome of the pending reexamination proceedings. Basing its amendment on the results of a different, recently-concluded reexamination, CAT has changed the scope of the case and set the case back to the initial pleading stage. The efficient course would be to await the outcome of the pending reexamination proceedings given that the results may similarly alter the scope of this case.

A stay awaiting the outcome of the Delaware case would also be prudent. SVS has filed a summary judgment brief in that case seeking to invalidate all 36 claims of CAT's patent. If

this is successful, or if SVS succeeds at trial in April, this entire case would be moot.

**ARGUMENT**

**I.     CAT DOES NOT OVERCOME DEFENDANTS' SHOWING THAT THE CASE SHOULD BE STAYED PENDING THE OUTCOME OF THE REEXAMINATION PROCEEDINGS**

CAT, in its Opposition, does not overcome Defendants' showing that all three relevant factors fully support a stay pending the outcome of the reexamination proceedings.

**A.     CAT Does Not Dispute the Persuasive Authority Showing that a Stay Would Be Appropriate at this Early Stage**

CAT does not dispute that courts often grant motions to stay pending reexamination that are filed in the initial stages of a case.[1] This case is in its initial stages. No depositions have been scheduled or taken, and the parties have not even started the claim construction process. In addition, CAT has filed a motion to amend the complaint to remove certain asserted claims and add other asserted claims. The case is thus about to begin anew.

Nonetheless, CAT asserts that it has "expended considerable resources" in responding to motions to dismiss and in responding to discovery requests.[2] This assertion is erroneous. All of the defendants filed motions to dismiss on the same grounds, and CAT simply filed the same opposition brief to each motion to dismiss, often incorporating its arguments from prior briefs by reference.[3] In terms of discovery, Defendants have served no document requests and only one interrogatory on CAT. Notably, CAT has refused to answer this single interrogatory from J. C. Penney, which seeks an infringement claim chart identifying the accused product and how it

---

[1] *See* Defendants' Suggestions in Support of Motion to Stay at 11, citing *1st Tech., LLC v. Digital Gaming Solutions S.A.*, No. 4:08-cv-586, 2010 WL 883657, at *1 (E.D. Mo. Mar. 5, 2010); *Inteplast Group, Ltd. v. Coroplast, Inc.*, No. 4:08-cv-1413, 2009 WL 1774313, at *2 (E.D. Mo. June 23, 2009); *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, No. 4:05-cv-2094, 2006 U.S. Dist. LEXIS 46431, at *4 (E.D. Mo. July 10, 2006).

[2] *See* CAT's Opposition at 9-10.

[3] *See, e.g.*, Docket No. 71, CAT's Opposition to J. C. Penney Company, Inc.'s Motion to Dismiss (incorporating by reference CAT's previously-filed opposition briefs).

- 2 -

infringes the patent.[4]

In sum, this case remains in its initial stages, and a stay pending reexamination makes perfect sense at this juncture.

### B. CAT Fails to Overcome Defendants' Showing that the Reexamination Proceedings Will Streamline the Issues and Reduce the Burden on the Parties and Court

As Defendants detailed in their opening brief, the reexamination process will streamline the issues of claim construction and validity, and may even render the entire case moot. In light of this, it would be prudent to await the outcome of the reexamination rather than expend the resources of the Court and the parties in litigating these issues.

CAT fails to dispute Defendants' showing in their opening brief that the reexamination process will impact claim construction regardless of the outcome.[5] This is a significant consideration here, as claim construction will require both the Court and the parties to expend considerable resources. Should the Court construe the claims while the reexamination is ongoing, it may become necessary based on subsequent events in the reexamination to revisit certain claim constructions again later in the case. Awaiting the outcome of the reexamination would almost certainly allow the Court to deal with all claim construction issues at once, and therefore provides the most efficient course here.

With regard to validity, CAT argues that the reexamination process "is not certain" to simplify the issues.[6] CAT's argument misses the point. Although it is not certain that the reexamination will result in the asserted claims being invalidated, it is overwhelmingly likely that the claims will at least change during the reexamination. As detailed in Defendants opening brief, there is a 77% chance that the claims will be amended or canceled during the

---

[4] *See* Exhibit 14, CAT's Answers to J. C. Penney Corporation, Inc.'s First Set of Interrogatories at 3.

[5] *See* Defendants' Suggestions in Support of Motion to Stay at 12.

[6] *See* CAT's Opposition at 7-9.

reexamination.[7] Notably, in the recently-concluded reexamination of the '859 patent, 100% of the claims under reexamination were amended or canceled. Despite CAT's assertion that the Patent Office "confirmed the patentability of the '859 patent" and that it "emerged intact," two of the claims under reexamination were canceled as invalid, and the remaining 12 claims were all amended.[8]

Given these facts, it makes little sense for the parties to engage in detailed fact and expert discovery regarding the infringement and validity of claims that are likely to change or be canceled. It also makes little sense for the Court to devote time and resources to deciding evidentiary and summary judgment motions on the same issues if the claims may be canceled or changed in the near future.

CAT's just-filed motion to amend the complaint to include recently-reexamined claims 20 and 29 bears this out.[9] As a result of the recently-concluded reexamination, CAT has changed the scope of its infringement case. It would be most efficient to await the outcome of the pending reexamination proceedings given that the results may similarly alter the scope of this case. Indeed, awaiting the outcome of the reexamination renders it likely that the Court will not need to devote any time to these issues, as the asserted claims are likely to be canceled.

### C. CAT Fails To Establish that It Will Be Prejudiced by a Stay Pending the Outcome of the Reexamination

CAT argues that it will be prejudiced by a stay pending the outcome of the reexamination because (1) the reexamination requests were filed to gain "an unfair tactical advantage," and (2) the stay would delay CAT from pursuing its infringement claims.[10] Each of these arguments lacks merit.

---

[7] *See* Defendants' Suggestions in Support of Motion to Stay at 11-12, citing Patent Office's published statistics on *ex parte* reexamination proceedings.

[8] *See id.* at 4.

[9] *See* Docket Nos. 152 & 153, CAT's Motion for Leave to File First Amended Complaint (filed Dec. 23, 2010).

[10] *See* CAT's Opposition at 10-12.

- 4 -

The reexamination requests were filed because there are literally dozens of prior art references that invalidate CAT's patent, not to gain "an unfair tactical advantage." The parties seeking reexamination have utilized a statutorily-created avenue for presenting this prior art in order to invalidate the claims of the '859 patent. There is simply nothing nefarious about their doing so, as courts have recognized reexamination proceedings as an efficient way to settle validity disputes and lower costs.[11] Indeed, the *Ecolab* case CAT relies upon provides an example of a reexamination filed to gain an unfair advantage. In that case, the defendant filed a request for reexamination and a motion to stay the case *after* the court had decided summary judgment motions and less than two months before trial.[12] By contrast, here Defendants, Starbucks, and Macy's have each moved to stay early in the case before the parties and Court expend significant resources.[13]

CAT's argument that it will be prejudiced by a delay is belied by CAT's own inaction in pursuing its infringement claims. CAT first contacted Lane Bryant and Fashion Bug regarding potential infringement of the '859 patent on October 13, 2005, and Nordstrom on September 29, 2006.[14] CAT then waited until early 2010 to file suit against these entities. CAT's own significant delay undermines its assertion that a stay will harm its purported interest in a speedy resolution of its infringement claims. Moreover, as detailed in Defendants' opening brief, a delay will not harm CAT's right to the remedies it seeks here for infringement. CAT has not

---

[11] *See Watlow Elec. Mfg. Co.*, 2006 U.S. Dist. LEXIS 46431, at *3.

[12] *See Ecolab, Inc. v. FMC Corp.*, No. 05-cv-831, 2007 U.S. Dist. LEXIS 39189, at *2-3 (D. Minn. May 30, 2007).

[13] There has also been no campaign to file "serial reexamination requests," as CAT alleges. *See* CAT's Opposition at 9. The Patent Office has twice returned the '146 reexamination request due to failures to comply with the technical formalities for submitting a reexamination request. On each of these occasions, the reexamination request was re-submitted within days of the Patent Office's decision.

[14] *See* Exhibit 15, October 13, 2005 Letter from B. Gilchrist to Charming Shoppes; Exhibit 16, September 29, 2006 Letter from M. Roth to Nordstrom Legal Department.

sought injunctive relief, and a stay will not adversely affect CAT's potential monetary recovery, as damages would continue to accrue during the reexamination.[15]

### II. CAT DOES NOT OVERCOME THE DEFENDANTS' SHOWING THAT THE CASE SHOULD BE STAYED PENDING THE OUTCOME OF THE DELAWARE CASE

CAT has also not overcome Defendants' showing that a stay pending the outcome of the Delaware case is appropriate under the first-to-file rule and the principles of the customer suit exception. CAT advances several assertions in support of its argument that the Court should not apply the first-to-file rule. Each of these assertions is undermined by the relevant law and facts here.

CAT asserts that the Eighth Circuit and Federal Circuit only apply the first-to-file rule when two cases involve "the same parties and issues."[16] This is erroneous, as neither of the cases CAT relies upon for this proposition establish such a rigid application of the rule.[17] Indeed, the Eastern District of Missouri has stated in applying the first-to-file rule that "the cases do not have to be identical as to parties and/or issues, but must be related [sic] that there is substantial overlap between the cases regarding the issues raised."[18] And as detailed in

---

[15] *See* Defendants' Suggestions in Support of Motion to Stay at 13, citing *Patlex v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985).

[16] *See* CAT's Opposition at 5.

[17] *See generally Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir. 1985); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993). In fact, in *Orthmann*, the Eighth Circuit noted that the first-to-file rule "is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Orthmann*, 765 F.2d at 121.

[18] *Buckeye Int'l, Inc. v. Unisource Worldwide, Inc.*, No. 4:07-cv-1747, 2007 U.S. Dist. LEXIS 85391, at *15 (E.D. Mo. Nov. 19, 2007); *see also General Comm. of Adjustment v. Burlington Northern Railroad*, 895 F. Supp. 249, 252 (E.D. Mo. 1995) ("In instances where parallel litigation has been instituted by the same or different parties in different courts, the 'first-filed rule' gives priority to choice of venue of the party who first established jurisdiction.").

Defendants' opening brief, many district courts have stayed patent cases pending the outcome of related patent cases not involving precisely the same parties.[19]

Here, although CAT asserts that the Delaware case is "unrelated," it does not dispute that the Delaware case involves the same patent, at least one of the same parties (*i.e.*, CAT), and many of the same issues. Indeed, CAT cannot seriously contend that the Delaware case is unrelated when CAT has asked this Court to adopt the claim construction order entered in the Delaware case. CAT's assertion that there "is a complete absence of any relevant connection between the Delaware Action and any defendant in this case" is also belied by the relevant facts.[20] As recited in Defendants' opening brief, J. C. Penney is an SVS customer.[21] And contrary to CAT's assertion, SVS brought the Delaware case on behalf of its customers, not just its indemnitees. The Delaware case complaint, upon which CAT relies, is replete with references to SVS's "customers" being harassed by CAT.[22]

CAT's assertion that the actions stayed in Chicago were pending only against SVS's indemnitees is similarly incorrect.[23] In CAT's case against Barnes & Noble, Inc. and Aeropostale, Inc., the court stayed the entire case pending the outcome of the Delaware case

---

[19] *See* Defendants' Suggestions in Support of Motion to Stay at 7-8, citing *Leviton Mfg. Co. v. Interline Brands, Inc.*, No. 3:05-cv-123, 2006 U.S. Dist. LEXIS 61944, at *6 (M.D. Fla. Aug. 30, 2006); *Portfolio Techs., Inc. v. Intellx Inc.*, No. 1:05-cv-159, 2005 U.S. Dist. LEXIS 42469, at *9 (W.D. Mich. May 19, 2005); *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004).

[20] *See* CAT's Opposition at 2.

[21] *See* Defendants' Suggestions in Support of Motion to Stay at 7.

[22] *See* Exhibit 6 to CAT's Opposition, Complaint at ¶¶ 11-26. Further contrary to CAT's assertion, SVS was never asked to provide, nor did it provide, a list of its indemnitees in the Delaware case. *See* Exhibit 7 to CAT's Opposition, SVS's Responses to CAT's First Set of Interrogatories at 5 ("Identify all customers of SVS for gift cards and/or gift card processing.").

[23] *See* CAT's Opposition at 4-5.

despite the fact that Aeropostale is not an SVS customer and did not even move for a stay.[24] Thus, this Court may also stay the case pending the outcome of the Delaware case regardless of whether all of the defendants are SVS customers or join in Defendants' motion to stay.[25]

As for the customer suit exception, CAT again misses the point in arguing that it does not apply to the circumstances here.[26] Defendants have not moved for the direct application of the exception, but have instead sought a stay based on the reasoning underlying the exception. Under this reasoning, an infringement case against a customer (*e.g.*, J. C. Penney) should be stayed pending the outcome of a case involving the manufacturer of the accused product (*e.g.*, SVS). As set forth in Defendants' opening brief, numerous courts have relied upon this reasoning in staying later-filed actions against a customer pending the outcome of an earlier-filed manufacturer's case.[27] In its opposition brief, CAT fails to address this persuasive authority.

## CONCLUSION

For the foregoing reasons, and those detailed in their Suggestions in Support of the Motion to Stay, Defendants respectfully request that the Court follow the lead of the Northern District of Illinois and stay this case pending the outcome of the Delaware case and the reexamination proceedings. Such a stay would conserve the resources of the Court and the parties, and is particularly appropriate at this early stage of the case.

---

[24] *See* Exhibit 11 to Defendants' Suggestions in Support of Motion to Stay, Order Granting Motion to Stay in *Card Activation Technologies, Inc. v. Barnes & Noble, Inc., et al.*, No. 1:07-cv-1230 (N.D. Ill.).

[25] CAT also criticizes Defendants for not mentioning that there was a "settlement resulting in money paid to CAT" in the Toys "R" Us case. *See* CAT's Opposition at 4. CAT is correct that this information was not included in the Motion to Stay, as it is the undersigned's understanding that the settlement agreement in that case precludes the parties from making any statement regarding its content. Accordingly, it appears that CAT has breached the terms of the settlement agreement by including this statement in its opposition brief.

[26] *See* CAT's Opposition at 6.

[27] *See* Defendants' Suggestions in Support of Motion to Stay, citing *Ultra Prods., Inc. v. Best Buy Co., Inc.*, No. 09-cv-1095, 2009 WL 2843888, at *5-6 (D.N.J. Sept. 1, 2009); *Gassaway v. Business Mach. Sec.*, No. 88-cv-00869, 1988 WL 1091946, at *2 (C.D. Cal. May 3, 1988).

Respectfully submitted,

**/s/** Jason F. Hoffman
Alan M. Fisch
*alan.fisch@kayescholer.com*
Jason F. Hoffman
*jason.hoffman@kayescholer.com*
R. William Sigler
*bill.sigler@kayescholer.com*
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
(202) 682-3500 telephone
(202) 682-3580 facsimile

Thomas W. Wagstaff
*twwagstaff@wagstaffcartmell.com*
Eric D. Barton
*ebarton@wagstaffcartmell.com*
WAGSTAFF & CARTMELL
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 telephone

Dated: December 27, 2010

Attorneys for:
FASHION BUG RETAIL COMPANIES, INC.,
GUESS?, INC.,
J. C. PENNEY CORPORATION, INC.,
LANE BRYANT, INC., and
NORDSTOM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on December 27, 2010, with the Clerk of the Court for the Western District of Missouri via the CM/ECF system. This system will send notice of filing to all Counsel of Record.

/s/ Jason F. Hoffman
