IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FASHION BUG RETAIL COMPANIES, INC.<br>GUESS?, INC.<br>J.C. PENNEY COMPANY, INC.<br>LANE BRYANT, INC.<br>MACY'S, INC.<br>PANERA BREAD COMPANY<br>STARBUCKS CORPORATION and<br>NORDSTROM, INC.<br><br>Defendants. | Case No. 4:10-CV-00117-FJG |

**DEFENDANT STARBUCKS CORPORATION'S REPLY SUGGESTIONS IN SUPPORT
OF MOTION FOR STAY PENDING REEXAMINATION OF PATENT-IN-SUIT**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. A Stay Is Appropriate In This Case ..................................................................... 2

        1. The litigation is in its early stages ............................................................. 2

        2. The '004 Reexamination is a new basis for stay ....................................... 3

        3. The '004 Reexamination likely will simplify the issues before the Court. ......................................................................................................... 4

        4. CAT will suffer no prejudice if the stay is granted ................................... 5

III. CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Cynosure, Inc. v. Cooltouch, Inc.*,
　2009 WL 2462565 (D. Mass. Aug. 10, 2009) ............................................................6

*Enprotech Corp. v. Autotech Corp.*,
　15 U.S.P.Q.2d 1319 (N.D. Ill. 1990) ........................................................................6

*Ethicon, Inc. v. Quigg*,
　849 F.2d 1422 (Fed. Cir. 1988).................................................................................4

*Imax Corp. v. In-Three, Inc.*,
　385 F. Supp. 2d 1030 (C.D. Cal. 2005) ....................................................................5

*Soverain Software LLC v. Amazon.com, Inc.*,
　356 F. Supp. 2d 660 (E.D. Tex. 2005)......................................................................6

*Tap Pharm. Prods. v. Atrix Labs., Inc.*,
　70 U.S.P.Q.2d 1319 (N.D. Ill. 2004) ........................................................................2

*Telecomm. Sys., Inc. v. Sybase 365, Inc.*,
　Case No. 09-cv-387 (E.D. Va. Dec. 23, 2009) .........................................................6

*Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*,
　Case No. 05-2094, 2006 U.S. Dist. LEXIS 46431 (E.D. Mo. Jul. 10, 2006) ....................2, 5, 7

*Xerox Corp. v. 3Com Corp.*,
　69 F. Supp. 2d 404 (W.D.N.Y. 1999) .......................................................................6

**STATUTES**

35 U.S.C. § 1...................................................................................................................7

35 U.S.C. § 302...............................................................................................................7

35 U.S.C. §§ 311, 314, and 317 .....................................................................................7

**OTHER AUTHORITIES**

37 C.F.R. § 1.913............................................................................................................7

Defendant Starbucks Corporation ("Starbucks") respectfully submits these Reply Suggestions in Support of its Motion for Stay Pending Reexamination of the Patent-in-Suit (the "Motion") and in response to Plaintiff Card Activation Technologies, Inc.'s ("CAT") Suggestions In Opposition to Motions to Stay Filed by Starbucks and Macy's Retail Holdings, Inc (Doc. No. 154) (the "Opposition"), stating as follows:

## I.     INTRODUCTION

Starbucks moves to stay this litigation pending conclusion of the *ex parte* reexamination (the "'004 Reexamination") of U.S. Patent No. 6,032,859 (the "'859 Patent") currently before the U.S. Patent and Trademark Office ("USPTO"). Unable to challenge Starbucks' Motion on substantive grounds, CAT responds by mischaracterizing the stage of this litigation, as well as the nature of the '004 Reexamination and recently concluded reexamination of the '859 Patent. Not only does CAT's argument lack merit, but any alleged prejudice CAT may suffer entirely is self-inflicted.

As evidenced by its grant of the '004 Reexamination, the USPTO has determined that serious questions exist as to the validity of the '859 Patent. This is undisputed by CAT. The reexamination process, established by the USPTO to reevaluate questionable patents, undoubtedly will be helpful to this Court and the parties, and may be dispositive of this case. This also is undisputed by CAT. Therefore, the only issue here is whether a stay of the instant suit unfairly prejudices CAT. The answer is no. Moreover, any delay associated with the pending '004 Reexamination is inconsequential given CAT's nearly *five* year delay in bringing suit against Starbucks.

As discussed in the Motion and reiterated herein, a stay of the instant litigation is appropriate. CAT's Opposition does nothing to rebut Starbucks' showing that, in this case, a

1

stay is warranted. Allowing the USPTO to complete its analysis will assist this Court and the parties with resolution of the vast majority of issues in this case. Accordingly, Starbucks respectfully requests that the Court stay this litigation until the pending reexamination of the '859 Patent is completed.

## II. ARGUMENT

### A. A Stay Is Appropriate In This Case

CAT's Opposition does not demonstrate that *any* factor weighs in favor of denying Starbucks' Motion. All factors enumerated by the *Watlow Elec.* court strongly weigh in *favor* of granting the Motion. *See, e.g., Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, Case No. 05-2094, 2006 U.S. Dist. LEXIS 46431 at *3 (E.D. Mo. Jul. 10, 2006). Discovery has only just begun, the '004 Reexamination is likely to simplify most, if not all of the issues in this case, and CAT will not suffer any undue prejudice during the stay. Moreover, the '004 Reexamination represents a *new* basis to stay the litigation. Here, a stay is appropriate.

#### 1. The litigation is in its early stages.

Despite CAT's statements to the contrary, this case is, by any measure, in its early stages. Neither the parties nor the Court have yet to expend significant resources. Although the parties have exchanged some initial written discovery requests and responses (Doc. Nos. 106, 107, and 119), more substantive discovery has not occurred. No depositions have been noticed or taken, and neither claim construction nor expert discovery has begun. These facts weigh in favor of granting a motion to stay. *See Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, Case No. 05-2094, 2006 U.S. Dist. LEXIS 46431 at *2 (E.D. Mo. Jul. 10, 2006); *see also Tap Pharm. Prods. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (granting stay when litigation was at initial pleadings stage).

Although this case has been "on file for nearly a year," Opposition at 9, on December 29, 2010, CAT filed an amended complaint which asserts *new* claims of the '859 Patent against Starbucks and all other co-defendants. (Doc. No. 157). Starbucks' responsive pleading is not due until January 18, 2011, and Macy's just filed its responsive pleading on January 12, 2011 (Doc. No. 159). Thus, for all intents and purposes this case is still in the initial pleading stage.

Based on the foregoing, a stay pending completion of the '004 Reexamination is appropriate.

### 2. The '004 Reexamination is a new basis for stay.

CAT spills much ink over the fact that the '859 Patent was the subject of a recently concluded *ex parte* reexamination and "emerged from a reexamination intact." Opposition at 1. CAT further argues that, in light of this reexamination, the '004 Reexamination is not "a *new* basis for stay … ." Opposition at 3 (emphasis in original). CAT is mistaken on both points.

First, the '859 Patent did not emerge from the recently concluded reexamination "intact." *Id.* at 1. To the contrary. This reexamination resulted in the cancellation of two claims of the '859 Patent (claims 21 and 32), and the amendment of *all* other claims subject to reexamination. Thus, no claim subject to the reexamination of the '859 Patent emerged unscathed.

Second, the '004 Reexamination is a *new* basis to stay the instant litigation because it implicates *all* claims asserted by CAT against Starbucks.[1] In its original Complaint, CAT alleged that Starbucks (and all other co-defendants) infringed Claims 1, 5, 10, and/or 16 of the '859 Patent. (Doc. No. 1, ¶ 16). These claims were not, however, considered by the USPTO in the recently concluded reexamination of the '859 Patent, because the original submitter of the reexamination request did not request the USPTO reexamine Claims 1, 5, 10, or 16 (and

---

[1] It is telling that the USPTO granted the '004 Reexamination request *after* it issued the first reexamination certificate, and based the grant on *nine substantial new questions of patentability*. Clearly the USPTO has serious doubts as to the merits of the claims of the '859 Patent.

3

presumably the reason why CAT subsequently filed the instant suit on those specific claims).
Ironically, CAT suggests requesting a stay of *this case* pending the recently concluded
reexamination would have been proper. Opposition at 3 ("If a stay pending reexamination were
really appropriate, it would have been sought in their initial responsive pleading."). CAT's
position defies logic. Under CAT's theory, Starbucks *should* have requested a stay *even though*
the claims undergoing reexamination at the time were *different* than those at issue in the
litigation.

As discussed in the Motion, Starbucks moved to stay this litigation pending the '004
Reexamination because it covers the claims CAT *originally asserted* against Starbucks (Claims
1, 5, 10, and 16), as well as the claims CAT *now asserts* against Starbucks in its Amended
Complaint (Claims 1, 10, 20, and 29). (Doc. No. 157). The USPTO has *never* reexamined the
claims CAT originally asserted against Starbucks and, therefore, the '004 Reexamination is a
*new* basis to stay to the litigation.

### 3. The '004 Reexamination likely will simplify the issues before the Court.

The primary purpose of *ex parte* reexamination is to *simplify and aid* future litigation, if
any, of the patent-in-suit. Reexamination is a congressionally created means for providing "an
efficient and relatively inexpensive procedure for reviewing the validity of patents…." *Ethicon,
Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). Nonetheless, CAT argues that "[t]here is no
certainty that the ['004 Reexamination] will simplify any issues in the case." Opposition at 9.
CAT goes on to state, without support, that "the probability of an amendment or cancellation of a
claim is lower given the fact that the '859 Patent has just undergone an *ex parte* reexamination
… which resulted in the issuance of a reexamination certificate." *Id*. CAT offers no support –
factual or legal – for such a bold statement.

4

In reality, the PTO is considering the validity of the '859 Patent in the '004 Reexamination, and the same issue of validity of the '859 Patent will be a central issue before the Court in this litigation. The prior art combinations currently before the USPTO are different than the prior art combinations previously considered in the first reexamination. If the claims of the '859 Patent are cancelled or amended during the '004 Reexamination, this lawsuit may be rendered moot. A stay is appropriate to save parties the "expense of litigating issues that the PTO's experts may render moot." *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist LEXIS at *5. And, even if claims survive the '004 Reexamination, the record developed by the PTO during reexamination will aid the Court in its claim construction and validity analysis. Thus, even if '004 Reexamination does not moot *all* issues related to this litigation, it certainly *will* serve to simplify the issues ultimately before this Court. Even the case law upon which CAT relies supports this point. *Imax Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) ("A stay will always simplify the issues in the litigation to some extent.")

Therefore, good cause exists for the Court and the parties to first allow the USPTO to carry out its analysis and weigh-in on the validity of the claims of the '859 Patent before proceeding any further with this litigation.

### 4. CAT will suffer no prejudice if the stay is granted.

A brief stay of this litigation pending completion of the '004 Reexamination will not prejudice CAT. In its Opposition, CAT responds, generally, with two theories of alleged "prejudice": (1) that the duration of the *ex parte* reexamination proceeding will prejudice CAT; and (2) that the *ex parte* reexamination process allegedly is inherently inequitable. Each of these concerns lack any merit.

First, CAT sets forth no compelling reason that the "duration of the reexamination process would prejudice CAT." Opposition at 6. CAT first notified Starbucks of the '859 Patent

5

Case 4:10-cv-00117-FJG   Document 161   Filed 01/13/11   Page 8 of 12

on or around October 11, 2005. (Doc. No. 147-8). Over *four* years later – on February 8, 2010 – CAT decided to file the instant suit. (Doc. No. 1). CAT did not even *serve* the Complaint on Starbucks until April 26, 2010, after an *additional four* months had elapsed. (Doc. No. 60). CAT cannot now be heard to complain that a stay pending reexamination is prejudicial in light of the fact that CAT itself was in no hurry to raise this dispute with the Court.

In fact, CAT does not cite any factually analogous case in its Opposition that supports denying a motion to stay solely because the duration of reexamination will be prejudicial. Rather, the vast majority of the cases relied upon by CAT were denied a stay based upon the cases late stage of litigation. *See, e.g., Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660 (E.D. Tex. 2005) (denying motion to stay filed after *Markman* hearing and one month before close of fact discovery); *Enprotech Corp. v. Autotech Corp.*, 15 U.S.P.Q.2d 1319 (N.D. Ill. 1990) (denying motion to stay because fact discovery was near-complete); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404 (W.D.N.Y. 1999) (denying motion to stay requested after dispositive motion practice); *Cynosure, Inc. v. Cooltouch, Inc.*, 2009 WL 2462565 (D. Mass. Aug. 10, 2009) (denying motion to stay filed after the close of fact discovery and only two days before the close of expert discovery); and *Telecomm. Sys., Inc. v. Sybase 365, Inc.*, Case No. 09-cv-387 (E.D. Va. Dec. 23, 2009) (denying motion to stay pending *inter partes* reexamination following conclusion of *Markman* proceedings).

Second, CAT argues that because "[t]here is no limit on the number of *ex parte* reexamination requests that may be filed with the PTO, … [a] stay pending these numerous reexamination requests also unduly prejudices CAT …." Opposition at 5. In other words, CAT speculates that because more *ex parte* reexamination requests *could* be filed, CAT *could be* prejudiced in the future. Such a concern in this case is unripe, speculative, and should be

6

dismissed. Starbucks moved to stay the litigation pending a single reexamination request – the '004 Reexamination – which is, in fact, the *only* reexamination currently underway at the PTO.[2] If and when CAT's predictions become reality, they can raise such issues to this Court. More to the point, should *actual* prejudice arise in the future this Court retains discretion to lift or modify the stay and craft the appropriate relief.[3] *Watlow Elec. Mfg. Co.*, 2006 U.S. Dist LEXIS at *7.

CAT goes on to argue there is an alleged "inherent inequity of *ex parte* reexamination during litigation due to the non-binding no risk for me nature of the process." Opposition at 7 (internal citations omitted). CAT argues, implicitly, that *inter partes* reexamination is more "equitable" due to the binding nature on the parties involved. *See, e.g.*, 35 U.S.C. §§ 311, 314, and 317. What CAT fails to apprise the Court, however, is that *inter partes* reexamination is *not* available for the '859 Patent. *Inter partes* reexamination is only available for patents filed after November 29, 1999. *See* 37 C.F.R. § 1.913; *see also* Manual of Patent Examining Procedure § 2611. Since the '859 Patent was filed before this date, *inter partes* reexamination can not be used. To the extent CAT argues *ex parte* reexamination is "inherently inequitable" it must be noted that it is the *only* statutory avenue for reexamination of the '859 Patent. *See* 35 U.S.C. § 302. Thus, CAT should not be allowed to complain that it is prejudiced by the only available reexamination proceedings authorized by the very same patent laws under which it seeks relief for alleged infringement. 35 U.S.C. § 1 *et seq*. Regardless, the type of reexamination has little

---

[2] As discussed in Defendants' Fashion Bug Retail Companies, Inc., Guess?, Inc., J.C. Penney Corporation, Inc., Lane Bryant, Inc., and Nordstrom, Inc.'s Suggestions in Support of Their Motion to Stay (Doc. No. 128), Reexamination No. 90/001,146 (the "'146 Reexamination") has been filed with the USPTO. (Doc. No. 128 at 4). The USPTO has not, however, determined yet whether to grant or deny the '146 Reexamination.

[3] The Court should bear in mind, however, that CAT is nothing more than a patent holder and non-practicing entity, and *not* a competitor of Starbucks or any other Defendant in this case. Thus, the only prejudice CAT can suffer is delayed payment of damages in the amount of a reasonable royalty, should CAT ultimately prevail in this case.

7

bearing on whether this Court should grant Starbuck's motion – staying these proceedings based upon the pending '004 Reexamination is appropriate and will not prejudice CAT.

## III. CONCLUSION

All relevant factors weigh heavily in favor of staying the present litigation. For all the foregoing reasons discussed herein and in its Motion, Starbucks requests that the Court grant the Motion and stay all proceedings pending completion of the reexamination of the '859 Patent.

Dated: January 13, 2011         Respectfully submitted,

**KILPATRICK TOWNSEND AND STOCKTON, LLP**

By: s/ John D. Cadkin
    David E. Sipiora, *pro hac vice*
    Kenneth S. Chang, *pro hac vice*
    John D. Cadkin, *pro hac vice*
    1400 Wewatta St., Ste. 600
    Denver, CO 80202
    Telephone: (303) 571-4000
    Facsimile: (303) 571-4321
    E-mail: dsipiora@kilpatricktownsend.com
    E-mail: kchang@kilpatricktownsend.com
    E-mail: jcadkin@kilpatricktownsend.com

**ARMSTRONG TEASDALE, LLP**

    Laurence R. Tucker (#24854)
    2345 Grand Blvd., Ste. 2000
    Kansas City, MO 64108-2617
    Telephone: (816) 221-3420
    Facsimile: (816) 329-5417
    E-mail: lrtucker@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT STARBUCKS CORPORATION

## CERTIFICATE OF SERVICE

    This is to certify that on January 13, 2011, a true and accurate copy of the above **DEFENDANT STARBUCKS CORPORATION'S REPLY SUGGESTIONS IN SUPPORT OF MOTION FOR STAY PENDING REEXAMINATION OF PATENT-IN-SUIT** and foregoing was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to service.

                                                s/ John D. Cadkin

63092768 v2