IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FASHION BUG RETAIL COMPANIES, INC. et al, ) <br> Defendants. ) <br> ) <br> ) | No. 10-0117-CV-W-FJG |

**ORDER**

Pending before the Court is Defendant Fashion Bug Retail Companies, Inc., Guess?, Inc., J.C. Penney Corporation, Inc., Lane Bryant, Inc. and Nordstrom, Inc.'s Motion to Stay (Doc. No. 127); Defendant Starbucks Corporation's Motion for Stay (Doc. No. 147); and Defendant Macy's Retail Holdings, Inc.'s Motion for Stay (Doc. No. 148).

**I.    BACKGROUND**

On February 8, 2010, Card Activation Technologies ("CAT") filed a complaint for patent infringement against defendants. CAT is the owner of United States Patent No. 6,032,859, entitled "Method for Processing Debit Purchase Transactions Using a Counter-Top Termination System," issued on March 7, 2000 ("the '859 Patent'") (Doc. No. 157, ¶ 13). The Second Amended Complaint alleges defendants "have directly infringed Claims 1, 10, 20 and/or 29 of the '859 Patent and continue to do so by performing, directing, or controlling the performance of each step set forth in Claims 1, 10, 20, and / or 29 of the '859 Patent." (Doc. No. 157, ¶ 15).

On April 30, 2009, an *ex parte* reexamination of the '859 patent was requested for numerous claims of the '859 Patent. The U.S. Patent and Trademark Office (PTO) found a prior art reference[1] rendered some of the '859 Patent's claims invalid.

---
[1] U.S. Patent No. 5,278,758 ("Narita '752").

Accordingly, CAT amended claims 20 and 29 to include the limitations of cancelled claims. On October 5, 2010, the PTO issued a reexamination certificate reflecting these changes and confirming the validity of the '859 Patent.

On October 1, 2010 a new, separate request for *ex parte* reexamination of the '859 Patent was filed challenging the validity of many claims. This request for reexamination was based on the same prior art reference used in the first reexamination, as well as four additional prior art references. On November 9, 2010, the PTO granted the request for reexamination, finding there is a "substantial new question of patentability" affecting several claims, including the four claims at issue in this action.

In addition to the current reexamination, an action against CAT is pending in the United States District Court for the District of Delaware.[2] Stored Value Solutions, Inc. ("SVS") is a gift card provider and gift card transaction processor. CAT threatened and sued numerous SVS customers for infringement of the '859 Patent. In July 2009, SVS filed a declaratory judgment action on behalf of its customers, seeking a ruling that the entire '859 Patent is invalid. The Delaware litigation is moving to completion. The court entered its claim construction order on June 3, 2010, the parties are in final stages of summary judgment briefing, and trial is set for April 18, 2011. J.C. Penney Corporation, Inc. ("J.C. Penney") is an SVS customer, but has not agreed to be bound by the outcome of the Delaware action.

## II.     LEGAL STANDARD

---

[2] *Stored Value Solutions, Inc. v. Card Activation Technologies, Inc.,* No. 1:09-cv-495-JJF (D. Del.)

2

Case 4:10-cv-00117-FJG   Document 176   Filed 02/01/11   Page 2 of 8

Federal district courts "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted); Emerson Elec. Co. v. Davoil, Inc., 911 F. Supp. 380, 382 (E. D. Mo. 1996). Congress created the reexamination process to shift the burden of reexamining the validity of a patent from the courts to the PTO. 1st Technology, LLC v. Digital Gaming Solutions S.A., No. 4:08CV586, 2010 WL 883657, at *1 (E.D. Mo. March 5, 2010) (citing Ho Keung Tse v. Apple, Inc., No C 06-6573, 2007 WL 2904279m, at *1 (N.D. Cal. Oct. 4, 2007)). Considering the Congressional mandate, as well as the PTO's specialized expertise in matters of patent law, "there is a liberal policy of granting stays when patents are submitted to the PTO for reexamination." See id. (citing Lentek Int'l, Inc. v. Sharper Image Corp., 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001)); see also Cerner Corp. v. Visicu, Inc., 667 F. Supp. 2d 1062, 1065 (W.D. Mo. 2009) (noting case previously stayed pending PTO reexamination).

**A. Stay Pending Reexamination**

Defendants Fashion Bug Retail Companies, Inc., Guess?, Inc., J.C. Penney Corporation, Inc., Lane Bryant, Inc., Nordstrom, Inc., Starbucks Corporation and Macy's Retail Holdings, Inc., move to stay the litigation pending the outcome of the PTO reexamination granted on November 9, 2010.

Courts consider three factors when deciding whether to grant a stay pending reexamination of a patent: (1) whether discovery is complete, and whether the case is set for trial; (2) whether a stay will simplify the issues at hand and reduce the burden of litigation for the court and the parties; and (3) whether a stay would cause undue

3

prejudice or create a tactical disadvantage for the nonmoving party.  1st Technology, at *2.  Stays are generally disfavored where granting a stay would cause undue prejudice, would provide the non-moving party a clear tactical disadvantage, or where the case is in a late stage of litigation and approaching trial.  Lentek Int'l, 169 F. Supp. 2d at 1362 (M.D. Fla. 2001).

           1.  Stage of Litigation

The movants argue a stay is appropriate because this case has not progressed beyond the initial pleadings and discovery is in its early phases.  The parties have served their first sets of written discovery, but depositions have not been noticed or taken and minimal amounts of documents have been produced.  CAT responds that this lawsuit has been pending since February 8, 2010.  The parties have exchanged initial disclosures and CAT has responded to numerous interrogatories and produced over 5,000 documents.  CAT adds the parties have agreed to an outside mediator and are following engagement in the Early Assessment Program, as required by this Court.

Courts have denied staying litigation pending reexamination where the case is in a late stage of litigation.  In Soverain Software LLC v. Amazon.com, Inc., the court denied defendant's motion to stay because the request for reexamination was filed after the parties argued the claim construction issues, discovery was to conclude within the following month and the Court was working on its order construing the claims at issue. 356 F. Supp. 2d 660, 663 (E.D. Tx. 2005).  In contrast, here, the parties have only engaged in preliminary discovery and have expended minimal resources thus far.  Even though CAT filed this case nearly one year ago, it filed its First Amended Complaint on December 29, 2010, and defendants filed answers, including counterclaims, as recently

as January 18, 2011. Under the current Scheduling Order, claim construction briefing has not begun, discovery does not close until September 6, 2011, and trial is set for February 27, 2012 (Doc. No. 111).

>    2.  Simplification of Issues

The four claims at issue in this litigation, claims 1, 10, 20 and 29, are included in the PTO's current reexamination of the '859 Patent. During reexamination, there is a high likelihood that the claims will be amended or cancelled, which would directly impact the Court's claim construction efforts.[3] It is also possible that the PTO confirms the patentability of the four claims, in which case the Court will benefit from the PTO's expert opinion clarifying the scope of the claims and facilitating future proceedings. See Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").

As such, if the PTO amends the claims after this Court construes the claims, the claim construction process will need to be repeated. If the claims are cancelled, claim construction would become unnecessary. And if the claims are confirmed, the Court would benefit from the PTO's construction of the disputed claim terms as the reexamination proceedings will become part of the '859 Patent's intrinsic record. Similarly, the reexamination will affect the validity issues in this case by providing the Court with the PTO's expert of view on theories of the '859 Patents invalidity. While CAT is correct that the '859 Patent emerged intact from a previous reexamination, CAT

---

[3] See Ex Parte Reexamination Filing Data, September 30, 2010 (During reexamination, overall percentage of claims cancelled is 12% and claims changed is 65%) (Doc. No. 128-13; Doc. No. 147-5).

had to amend certain claims to retain patentability. The Court agrees with movants that staying this litigation during reexamination will simplify the issues before the Court.

### 3. Undue Prejudice

CAT claims the '859 Patent has already been subject to three reexamination requests, all to no avail. CAT argues the reexamination requests are being filed in hopes of gaining an unfair tactical advantage, and staying the case will prejudice CAT because the inherent delay in reexamination proceedings will keep it from pursuing its legitimate infringement claim. CAT emphasizes the '859 Patent remains imbued with its statutory presumption of validity.

There is no evidence, however, that the current reexamination was sought to gain an unfair tactical advantage. Further, CAT has not moved for injunctive relief against defendants' use of the '859 Patent. Accordingly, CAT seeks only monetary damages for alleged infringement but has not shown why proceeding with the action during reexamination is particularly time sensitive. If CAT prevails in their infringement action, the applicable damages period is not affected by staying the litigation. Damages and interest would continue to accrue during the course of reexamination, thus, CAT's interest would be unaffected. See Patlex Corp. v. Mossinghoff, 758 F.2d 594 F.2d 594, 603 (Fed. Cir. 1985) (explaining plaintiff may recover damages from infringers during period of reexamination). "[W]hile reexamination may, in fact, cause a lengthy delay in the court proceedings, 'the delay inherent to the reexamination process does not constitute, by itself, undue prejudice.'" 1st Technology, 2010 WL 883657, at *2 (citing KLA-Tencor Corp. v. Nanometrics, Inc., No. C 05-3116 2006 WL 708661, at *3 (N.D. Cal. March 16, 2006)). The third factor supports granting a stay.

6

Case 4:10-cv-00117-FJG   Document 176   Filed 02/01/11   Page 6 of 8

### D. Stay Pending Action in Delaware

Defendants Fashion Bug Retail Companies, Inc., Guess?, Inc., J.C. Penney Corporation, Inc., Lane Bryant, Inc. and Nordstrom, Inc. also argue this action should be stayed pending the outcome of the "related" declaratory judgment action in Delaware. These defendants argue a stay pending the outcome of SVS's declaratory judgment action is appropriate under the first-to-file rule.

Under the first-to-file rule, where two courts have concurrent jurisdiction over an action when a complaint involves the same parties and issues, the first court in which jurisdiction attaches has priority to consider the case. See Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985). "The purpose of this rule is to promote efficient use of judicial resources. The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." Id.

The Delaware action was filed in July 2009, eight months before CAT commenced this lawsuit. Defendants claim the Delaware action is similar in that it involves the '859 Patent and because J.C. Penney, a defendant here, is a customer of SVS. The defendants further argue the issues substantially overlap because the construction of the claims and the validity of the '859 Patent are the two major issues in both cases.

Since the patent-in-suit is the same in both actions, the Court agrees the claim construction and validity issues may overlap. Yet, application of the first-to-file rule is not appropriate in this case because parties are not the same or sufficiently similar to render this action duplicative of the Delaware litigation. In the Delaware action, SVS

7

seeks a declaratory judgment that the '859 Patent is invalid in order to relieve SVS customers of CAT's patent infringement allegations. The instant action involves only one SVS customer, which has not even agreed to be bound by the outcome of the Delaware action. Even if this Court shared concurrent jurisdiction with the Delaware action, the requirement under Eighth Circuit precedent that the parties be identical or nearly identical is not met. See Id. at 121 ("Generally . . . federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district"). Accordingly, the instant action will not be stayed pending the outcome of the action against CAT in Delaware.

### V. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Fashion Bug Retail Companies, Inc., Guess?, Inc., J.C. Penney Corporation, Inc., Lane Bryant, Inc. and Nordstrom, Inc.'s Motion to Stay (Doc. No. 127) is **GRANTED**; Defendant Starbucks Corporation's Motion for Stay (Doc. No. 147) is **GRANTED**; and Defendant Macy's Retail Holdings, Inc. Motion for Stay (Doc. No. 148) is **GRANTED**.

This action is hereby **STAYED** pending the outcome of the U.S. PTO's reexamination of the '859 Patent granted on November 9, 2010.

**IT IS SO ORDERED**.

Date:  02/01/11  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge